NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THE VALLEY HOSPITAL, INC.,** | |
| *Plaintiff*, | Civil Action No. 17-558 |
| v. | OPINION |
| **HUDSON VIEW CARE & REHABILITATION CENTER** and **HUDSON VIEW CARE REHABILITATION CENTER HEALTH PLAN,** | |
| *Defendants*. | |

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff The Valley Hospital, Inc.'s ("Plaintiff") motion for default judgment against Defendants Hudson View Care & Rehabilitation Center ("Hudson") and Hudson View Care Rehabilitation Center Health Plan ("Hudson Plan" and, together with Hudson, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 11. For the reasons set forth herein, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff provides acute care hospital services. Complaint ¶ 3, ECF No. 1. Hudson maintains an "Employee Welfare Benefit Plan," the Hudson Plan. Id. ¶ 1. Savitri Levi ("S.L.")[1] was a "participant" under the Hudson Plan. Id. ¶ 2. Under the Hudson Plan, S.L. was entitled to receive medical, surgical, and/or hospital care benefits in the event of sickness. Id. ¶ 9.

S.L. executed an Assignment of Benefits on April 22, 2014, pursuant to which S.L.

---

[1] Plaintiff refers interchangeably to the individual as "S.L." (Savitri Levi) and "L.S." (Levi Savitri). The distinction is immaterial to the Court's decision.

1

assigned his right to collect medical benefits to Plaintiff. Id. ¶ 6. S.L. received hospital services from Plaintiff from April 23-26, 2014, for which the total charges were $70,221.43. Id. ¶ 10-11. Plaintiff submitted a bill to Hudson Plan's administrator, United Health Plus ("UHP"), which processed the claim and instructed Hudson to pay Plaintiff $59,688.22 on or about July 15, 2014. Id. ¶ 13-14. Plaintiff never received payment from Defendants, and so it brought this action under 29 U.S.C. § 1132, as a beneficiary of the Hudson Plan. Id. ¶ 15, 17.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. This Court has original subject matter jurisdiction by virtue of 28 U.S.C. § 1331 because Plaintiff brings this civil action under 29 U.S.C. § 1132. Compl. ¶ 17. The Court has personal jurisdiction over the Defendants because a substantial portion of events giving rise to the claims occurred within New Jersey and because Hudson has offices in New Jersey. Id. ¶¶ 1, 5. The Defendants were also served in New Jersey. Stadtmauer Aff. ¶ 2.

### B. Liability

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. Comdyne I, 908 F.2d at 1149. The Court is satisfied that Plaintiff has adequately pled its claim against Defendants for failure to make payments under 29 U.S.C. § 1132(a)(1)(B).

Plaintiff has alleged that: (1) Hudson maintained the Hudson Plan, of which S.L. was a participant at all relevant times and under which S.L. was entitled to receive medical, surgical, and/or hospital care benefits, see Compl. ¶¶ 2, 9; Parshall Aff. ¶ 3; (2) S.L. received medical services from Plaintiff from April 23-26, 2014 and executed an Assignment of Benefits pursuant to which Plaintiff may directly seek insurance benefits due to S.L.; Compl. ¶¶ 6, 10-11, Parshall Aff. ¶ 4; Assignment of Benefits, Ex. D; (3) Plaintiff submitted a bill for the services to the Hudson Plan's administrator, UHP, and UHP directed the Hudson Plan to pay $59,688.22 on the claim; and (4) despite repeated follow-ups by Plaintiff, UHP failed to pay the claim and Defendants have not provided payment or a denial for the relevant services; Compl. ¶¶ 13-15; Parshall Aff. ¶¶ 6-8.

Under 29 U.S.C. § 1132(a), or § 502(a) of ERISA, "a participant or beneficiary" may bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Am.

Ortho. & Sports Med. v. Indep. Blue Cross, LLC, 2017 WL 1243147, at *2 (D.N.J. Feb. 24, 2017) (quoting 29 U.S.C. § 1132(a)). Additionally, "when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment." N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 372 (3d Cir. 2015); accord Am. Orthopedic & Sports Med., 2017 WL 1243147, at *2 ("Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider.").

The Complaint sufficiently pleads that Defendants were obligated to pay out benefits under the Hudson Plan in connection with Plaintiff's bill, and that Plaintiff acquired the right to sue Defendants for those benefits. Accordingly, Plaintiff has set forth a cognizable claim under 29 U.S.C. § 1132(a) for failure to make payments.

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. See U.S. Small Business Admin. v. Silver Creek Const. LLC, 2014 WL 3920489 (D.N.J.), at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as Plaintiff will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not individuals presently engaged in military service. See id.; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club,

Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff has requested a default judgment in the amount of "$59,688.22, together with costs of suit." Parshall Aff. ¶ 10. Plaintiff has provided the Court with sufficient proof of that amount in the form of hospital records, billing records, and a sworn affidavit, see id., Ex. A, Ex. E, but has not demonstrated that it is entitled to any further costs or expenses.

Based on the foregoing, judgment shall be entered against Hudson and Hudson Plan, jointly and severally, for $59,688.22.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for default judgment is **GRANTED**. An appropriate Order accompanies this Opinion.

**Dated: March 1, 2018**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**